**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ASSOCIATION OF AIR MEDICAL SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 1:21-cv-03031-RJL |

## <u>MOTION TO ESTABLISH BRIEFING SCHEDULE</u>

The Defendants respectfully request that the Court enter an order setting a briefing schedule for the Plaintiffs' Motion for Stay Pending Judicial Review, or in the Alternative for Summary Judgment ("Motion"), ECF No. 3, and for the Defendants' anticipated cross-motion for summary judgment. As explained below, the Defendants propose a schedule that would permit briefing to be completed, and for this Court to render a decision, well in advance of the time in which the Plaintiffs allege that they will suffer harm from the application of the arbitration procedures at issue in this case. The undersigned counsel for the Defendants has consulted regarding this motion with counsel for the Plaintiffs, who reports that the Plaintiffs oppose this motion. In support of this motion, the Defendants respectfully state as follows:

1. The Plaintiffs filed their complaint in this action on December 9, 2021, ECF No. 1, and filed a "motion for stay pending judicial review, or in the alternative for summary judgment" on the same day, ECF No. 3. The Plaintiffs served a copy of the summons and complaint on the United States Attorney's Office on December 14, 2021.

2.   The Plaintiffs challenge the validity of parts of an interim final rule issued by the Defendant agencies in this litigation—the Departments of Treasury, Labor, and Health and Human Services, and the Office of Personnel Management. *See Requirements Related to Surprise Billing; Part II*, 86 Fed. Reg. 55,980 (Oct. 7, 2021). The agencies issued this rulemaking to implement the No Surprises Act, Pub. L. No. 116-260, div. BB, tit. I, 134 Stat. 1182, 2758-2890 (Dec. 27, 2020).

3.   In particular, the Plaintiffs dispute the validity of certain aspects of the agencies' regulations that govern the procedures for arbitration of certain payment disputes between providers of medical services and group health plans or health insurance issuers.

4.   The Plaintiffs recite that they "seek relief by March 1, 2022—the approximate date arbitrations under the rule are scheduled to begin—in order to prevent irreparable harm" to their interests. Motion at 2, ECF No. 3; *see also id. at* 3 (suggesting that the Plaintiffs are "amenable" to a schedule that allows for the Court to reach a decision by March 1). The Plaintiffs further recited in their supporting memorandum that they requested the Court to enter summary judgment, or order a stay pending judicial review, "before March 1, 2022." Pls.' Mem. in Supp. of Their Mot. for Stay Pending Judicial Review, or in the Alternative, for Summary Judgment at 42, ECF No. 3.

5.   The Plaintiffs' calculation of the date that arbitrations would begin under the No Surprises Act is incorrect. (The Defendants are nonetheless, as explained below, willing to enter into an expedited briefing schedule for cross-summary judgment motions that would permit the Court to reach a decision by the date that the Plaintiffs have incorrectly calculated.) The No Surprises Act specifies that a group health plan or a health insurance issuer will make initial payment on, or deny, a provider's claim for payment for out-of-network medical services within 30 days of the date the claim is submitted. 42 U.S.C. § 300gg-111(a)(1)(C). This action then

triggers a 30-business-day (not calendar day) period of open negotiation between the provider and the payer.  49 C.F.R. § 149.510(b)(1)(ii).  If open negotiations fail, either party may initiate the independent dispute resolution process within one to four business days after the close of the open negotiation period.  *Id.* § 149.510(b)(2)(i).  The parties then would have three business days to agree to the selection of a certified independent dispute resolution entity ("IDR entity").  *Id.* § 149.510(c)(1)(i).  The parties then would have ten business days to submit their written offers, with their reasoning, to the IDR entity.  *Id.* § 149.510(c)(4)(i).  After that, the IDR entity would have thirty business days to issue a decision.  *Id.* § 149.510(c)(4)(ii).

6.   Putting these dates together, the earliest date that the parties would make written submissions to an IDR entity, even for a claim for medical services performed on January 1 (the day the No Surprises Act goes into effect) would be April 4, 2022, and the IDR entity would then have until May 16, 2022, to render a decision.  The Plaintiffs would not suffer harm, if they suffer any harm at all, from an IDR entity's use of a purportedly invalid decision-making process before that date.   (The Defendants, of course, do not concede that the Plaintiffs suffer any harm whatsoever from the rulemaking at issue in this case.)

7.   The Defendants accordingly propose the following expedited briefing schedule that would permit the Court to issue a decision in advance of the date that IDR entities would begin to make decisions, and even in advance of the date that was incorrectly calculated by the Plaintiffs:

a.   The Defendants shall file their opposition to the Plaintiff's motion for a stay pending judicial review, or in the alternative for summary judgment, together with their cross-motion for summary judgment, on or before January 24, 2022.  The Defendants will also file the certified list of the administrative record with the Court, and serve the Plaintiffs with a copy of the

administrative record, on or before January 24, 2022.  The Defendants shall be relieved of their obligation to answer the complaint.

b.  The Plaintiffs shall file their reply in support of their motion for a stay pending judicial review, or in the alternative for summary judgment, together with their opposition to the Defendants' cross-motion, on or before February 7, 2022.

c.  The Defendants shall file their reply in support of their cross-summary judgment motion on or before February 18, 2022.

8.  This proposed schedule would leave approximately three months between the time that briefing is complete in this case and the time that arbitration decisions would begin to be issued under the No Surprises Act.

9.  This proposed schedule would also afford the Defendants time to prepare and to file the administrative record, which will aid this Court's review of the Plaintiffs' claims.  Further, this proposed schedule will afford the Defendants time to review, and to respond if necessary, to *amicus* filings in this case.  The Defendants understand that at least two sets of *amici* plan to seek leave to file briefs in support of the Plaintiffs in this action.

10.  In addition, constraints on the schedules of the Defendants, and of the undersigned counsel, would preclude the Defendants from filing their merits brief on an earlier schedule.  The undersigned counsel is also defending two additional suits challenging aspects of the Defendants' rulemakings under the No Surprises Act:  *Texas Med. Ass'n v. U.S. Dep't of Health and Human Servs.*, No. 6:21-cv-00425-JDK (E.D. Tex. complaint filed Oct. 28, 2021); and *Ass'n of Air Ambulance Servs. v. U.S. Dep't of Health and Human Servs.*, No. 1:21-cv-03031-RJL (D.D.C. complaint filed Nov. 16, 2021).  The Defendants' cross-motion for summary judgment is due by January 10 in the first-filed case, and the parties have submitted a proposed schedule for this

Court's approval in the second-filed case that calls for the Defendants' cross-motion for summary judgment to be filed by January 18.  In each of these two earlier-filed cases, the plaintiffs are represented by sophisticated counsel; the plaintiffs in these two cases have not suggested that they require expedited briefing on a motion for a stay.

11.   The briefing in these two earlier-filed cases, and in this case, will require extensive supervisory review within the Department of Justice and within the four Defendant agencies.  For this reason, it would not be practicable to simultaneously prepare briefing in all three cases. The schedule proposed above, combined with the schedules in the two first-filed cases, will permit the preparation and review of principal briefs and of reply briefs on an orderly basis.

12.   This schedule will also permit this Court to decide this case together with the *Association of Air Ambulance Services* case, preserving judicial economy for this Court.

13.   The undersigned counsel is also scheduled to present oral argument on a motion for a preliminary injunction on December 17, 2021, in *Amalgamated Transit Union v. U.S. Department of Labor*, No. 2:20-cv-00953-KJM-DB (E.D. Cal.).

14.   In addition, the undersigned counsel has previously scheduled plans to be on leave outside of the country (including non-refundable hotel fees), without access to email, from December 27, 2021, through January 3, 2021.  The undersigned counsel also will undergo a medical procedure on Friday, January 14, 2022, that will require him to be out of the office and out of email contact for the entire day.

15.   In spite of the foregoing, the undersigned counsel understands from counsel for the Plaintiffs that they no longer stand by their request (expressed in their motion papers five days ago) for a decision from this Court by the time that arbitration decisions begin to be issued this spring, and that they instead now desire a decision on their application for a stay under 5 U.S.C.

§ 705 on a more immediate timeline.  The undersigned counsel understands that the Plaintiffs now assert that a Section 705 stay is warranted because some insurers, in ongoing negotiations with providers over in-network rates, are citing the rulemaking at issue here to predict that, in the future, IDR entities will issue decisions setting reimbursement for out-of-network claims at lower rates.

16.  The purpose of a Section 705 stay is to preserve the rights of the parties "pending conclusion of the review proceedings."  5 U.S.C. § 705.  Under the schedule proposed above, this Court's proceedings on review of the challenged aspects of the rulemaking at issue here would conclude well in advance of the date that IDR entities begin to issue arbitration decisions.  No purpose would be served by the entry of a Section 705 stay, then, when this Court will be able to enter a final judgment before the challenged aspects of the rulemaking are applied in any way.

17.  Nor would a Section 705 stay do anything to rectify the harm that the Plaintiffs claim to suffer from insurers' current negotiation positions.  The Plaintiffs base their revised claim of irreparable harm on supposed statements made by one set of non-parties (insurers), premised on those entities' predictions of the behavior of a second set of non-parties (IDR entities).  But insurers are not parties to this action, and would not be bound by a ruling in this case.  They would remain free, even if a temporary stay were entered, to continue to cite any of the following in their negotiations with medical providers: (a) the No Surprises Act itself; (b) the rulemaking at issue here (even if it were temporarily stayed); (c) their expectations as to the likelihood that the rule would be upheld by this Court in a final merits decision, or on appeal; (d) their expectations as to the content of the Defendant agencies' forthcoming final rules under the Act; and/or (e) their expectations as to the behavior of IDR entities, with or without the guidance of the rulemaking at issue here.  If the Plaintiffs are uncomfortable with insurers' efforts to drive hard bargains, then,

they will continue to feel that discomfort over the next several months even if a temporary stay were to be ordered.

18. Counsel for the Defendants has conferred with counsel for the Plaintiffs, who have proposed a schedule that would call for the Defendants' opposition to the motion for a Section 705 stay to be due on December 30, for the Plaintiffs' reply brief to be due eleven days later on January 10, and for a hearing to be held the week of January 10. The Plaintiffs' proposed schedule would not afford the Defendants the opportunity to cross-move for summary judgment or to file a reply brief on that motion. The Plaintiffs' proposed schedule also would not afford the Defendants the opportunity to file, or the Court the opportunity to review, the administrative record. Further, their proposed schedule would conflict with the competing and unavoidable constraints on the undersigned counsel's availability. And their proposed schedule would serve no useful purpose, given the lack of any need for separate Section 705 stay briefing in a case where the Defendants readily have agreed to expedited merits briefing that will be completed several months before the challenged rulemaking provisions could be applied.

For the foregoing reasons, the Defendants have proposed a briefing schedule that: (1) allows for the administrative record to be filed; (2) permits the Defendants adequate time to prepare a defense; (3) accounts for unavoidable conflicts in the undersigned counsel's schedule; (4) permits this Court to decide this case together with a related, earlier-filed action; and (5) accounts for any plausible claim that the Plaintiffs have made that they will suffer harm from the challenged provisions of the rulemaking once those provisions begin to be applied. The Defendants respectfully request that the Court enter the attached proposed schedule.

Dated: December 14, 2021                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Acting Assistant Attorney General

                                            ERIC B. BECKENHAUER
                                            Assistant Branch Director

                                            */s/ Joel McElvain*
                                            JOEL McELVAIN
                                            Senior Trial Counsel
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005
                                            Phone: (202) 616-8298
                                            Fax: (202) 616-8470
                                            E-mail: joel.l.mcelvain@usdoj.gov

                                            *Counsel for Defendants*